UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE ROBERTS,

    Plaintiff,

v.

    Case No. 14-11994
    Hon. Gerald E. Rosen
    Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     September 15, 2015

PRESENT:    Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

On June 9, 2015, Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Duane Roberts' motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on June 15, 2015. Upon reviewing the R & R, Plaintiff's objections, the parties' underlying cross-motions for summary judgment, and the record as a whole, the Court overrules Plaintiff's objections and adopts the R & R in its

entirety.

Plaintiff's two objections to the R & R merely reiterate the broad-brush arguments advanced in his underlying summary judgment motion, and the Court is satisfied that the Magistrate Judge thoroughly addressed and correctly resolved each of these points in the R & R. First, Plaintiff contends that the Administrative Law Judge ("ALJ") erred in discounting the opinion of his treating physician, Dr. Demian Naguib, while electing to give "great weight" to physical therapy records indicating that Plaintiff was functionally limited in various respects. (Plaintiff's Objections at 1-2 (quoting Admin. Record at 22).) Yet, to the extent Plaintiff means to suggest that the ALJ weighed and pitted Dr. Naguib's opinion directly (and solely) against the physical therapy records and determined that the latter "ought to take precedent over" the former, (*id.* at 2), the Court discerns no such flaw in the ALJ's analysis. Rather, the ALJ independently evaluated each of these items in the medical record, and separately explained why (i) certain (but not all) of Dr. Naguib's opinions were given "little weight," (Admin. Record at 22), and (ii) the functional limitations set forth in the physical therapy records were given "great weight," (*id.*).

Alternatively, Plaintiff perhaps means to argue, as he did in his underlying summary judgment motion, that the ALJ failed to identify specific reasons for

2

discounting Dr. Naguib's opinions, or that these reasons lacked the support of substantial evidence in the record. If so, Plaintiff is quite simply mistaken in his contention that the Magistrate Judge treated the ALJ's decision as effectively "insulated from any review" on these points. (Plaintiff's Objections at 2.) Rather, the Magistrate Judge expressly observed in the R & R that the ALJ did, in fact, "explain[] why she accorded little weight to two of Dr. Naguib's opinions," and the Magistrate Judge then determined that each of these assessments was supported by substantial evidence. (R & R at 21-23.) In addition, the Magistrate Judge squarely addressed (and rejected) Plaintiff's suggestion that the ALJ should have contacted Dr. Naguib for "clarification" of his opinions, explaining that there was no inadequacy or gap in the record that would warrant such an effort. (*See id.* at 23-24.) The Court fully concurs in the Magistrate Judge's analysis of these issues, and Plaintiff's bare reiteration of the arguments advanced in his underlying summary judgment motion provides no basis for the Court to depart from this analysis.

    This leaves only Plaintiff's cursory objection that the ALJ's assessment of his residual functional capacity ("RFC") was "complete[ly] one-sided." (Plaintiff's Objections at 3.) Yet, "[i]t is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are

deemed waived." *Dillery v. City of Sandusky,* 398 F.3d 562, 569 (6th Cir. 2005) (internal quotation marks and citations omitted); *see also Bishop v. Gosiger, Inc.,* 692 F. Supp.2d 762, 774 (E.D. Mich. 2010) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones." (internal quotation marks and citations omitted)).  In any event, the Magistrate Judge thoroughly addressed Plaintiff's challenge to the ALJ's RFC assessment in the R & R, (*see* R & R at 30-42), and Plaintiff half-hearted "objection" does not remotely demonstrate any flaw in this analysis.

Before leaving this matter, the Court feels compelled to note and comment upon a disturbing trend in the submissions of Plaintiff's counsel.  The summary judgment briefs filed by counsel in this and another recent case, *Gordon v. Commissioner of Social Security,* No. 14-11990, are similar in a number of respects, including (i) their citations to nearly identical authorities, (ii) their sparse statements of facts, unsupported by any citation whatsoever to the medical record, and (iii) their reliance on boilerplate arguments that are repeated verbatim in each brief, with little or no effort made to link these one-size-fits-all contentions to the facts and evidence presented in a particular case.  Worse yet, counsel recycles the very same sweeping and utterly unfounded charges in both briefs, falsely accusing the ALJs in these two cases of (i) failing to "give any rationale for [their]

decision[s]," (ii) offering "no discussion of the objective medical evidence in the[ir] decision[s]" and "no discussion of the factual basis for the[ir] decision[s]," (iii) "cherry-pick[ing] the medical records instead of looking at the longitudinal treatment of" the two claimants, (iv) providing "no reasons whatsoever" for discounting the opinions of treating physicians, and (v) citing "no objective medical evidence" and eschewing "any analysis" in their RFC determinations. (Plaintiff's Motion for Summary Judgment, Br. in Support at 11-13, 16.)  Even a cursory review of the ALJ decisions at issue reveals that they suffer from no such fundamental defects in their reasoning and evaluation of the medical record.

    Such hyperbole and generalized accusations of ALJ misfeasance are no substitute for engagement with the actual evidence in the administrative record and the explanations and analysis actually put forward by the ALJ.  Counsel ill serves his clients by charging the ALJs with wholesale dereliction of their duties, rather than identifying specific findings by the ALJs that might lack evidentiary support or rest upon legally deficient reasoning.  Accordingly, counsel is placed on notice that this Court will carefully examine his submissions in future suits to ensure that they advance specific, narrowly tailored, and properly supported arguments that rest upon (and cite to) the facts of a particular case.  Failure to adhere to these standards will result in the imposition of sanctions and possible

referral of counsel for disciplinary proceedings.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's June 15, 2015 objections (docket #18) to the Magistrate Judge's R & R are OVERRULED, and that the Magistrate Judge's June 9, 2015 Report and Recommendation (docket #17) is ADOPTED as the opinion of this Court.  IT IS FURTHER ORDERED, for the reasons stated in the R & R as supplemented by the rulings in the present order, that Plaintiff's September 2, 2014 motion for summary judgment (docket #14) is DENIED, and that Defendant's November 3, 2014 motion for summary judgment (docket #15) is GRANTED.

                                              s/Gerald E. Rosen
                                              Chief Judge, United States District Court

Dated: September 15, 2015


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 15, 2015, by electronic and/or ordinary mail.

                                              s/Julie Owens
                                              Case Manager, (313) 234-5135